BARRY D. SILBERMANN (SBN 69402)
LAW OFFICE OF BARRY D. SILBERMANN
3896 Carpenter Avenue
Studio City, California 91604
Telephone No.: (310) 702-6699


Attorney for Plaintiff, WILLIAM FRANK PERRON


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
COUNTY OF LOS ANGELES

| | |
|---|---|
| WILLIAM FRANK PERRON, an individual | CASE NO.: |
| | **COMPLAINT:** |
| Plaintiff, | **1. FOR PETITION FOR WRIT OF PROHIBITION OF NYC CRIMINAL TRIAL; And** |
| | **2. TRO; And** |
| v. | **3. DECLARATORY RELIEF FINDING BY THE COURT THAT THE RESPONDENTS ACTED UNLAWFULLY, WITH KNOWLEDGE, UNDER COLOR OF LAW (18 U.S.C 242)** |
| The City of Manhattan, New York OFFICE OF THE DISTRICT ATTORNEY FOR MANHATTAN, NEW YORK , ALVIN BRAGG, District Attorney for Manhattan, New York, Hon. Ellen N. Biben Administrative Judge, Supreme Court of New York, Trial Division, Criminal Term, Hon. Juan M. Merchan, Acting Justice of the (New York) Supreme Court, Part 59 Judge of the (New York) Court of Claims And DOES 1 – 100 | : |
| Defendants | |

1

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

Plaintiff William Frank Perron, ("Writ Plaintiff") alleges:

**JURISDICTION AND VENUE**

1. <u>Jurisdiction</u>. The Court has jurisdiction over this action pursuant to 28 U..S.C. § 1331 (federal question) and § 1332 (diversity and equity value)

2. <u>Plaintiff's Standing</u>. Plaintiff is a qualified voter in the 2024 United States, federal, presidential election (the "Election"). Plaintiff: i) was born in the United States (Social Security No. (redacted) XXX-54-2304); ii) is a full time resident of the State of California residing at 5209 La Madera Avenue, No. E1. in the City of El Monte, County of Los Angeles, and holds a valid and active California driver's license (no. Nxxxx522) that expires 12/18/2027 (Declaration of William Frank Perron ("Perron Declr.") para 1). In *Lance v. Coffman*, (549 U.S. 437 * | 127 S. Ct. 1194 (2007), the U.S. Supreme Court defined that in ". . . the sorts of injuries alleged by plaintiffs in voting rights cases where the Court had found standing . . . the voters asserted . . . (a) particularized stake in the litigation, (in order to have ) standing to bring their Elections Clause claim."

3. <u>Plaintiff's Particularized Stake in this Litigation</u>. Plaintiff has prima facie evidence[1] (fn1 and Perron Declr., para 5) from reliable accounts that the bias ties of Defendant District Attorney Alvin Bragg and Judge Merchan create a Constitutionally prohibited voter suppression by the Trial, with Defendants' knowledge causing an effort

---

[1] April 30, 2024 House Judiciary Committee letter from Committee Chairman Jim Jordan (R-OH) to Attorney General Merrick Garland demanding documents and information about the Biden Department of Justice's (DOJ) coordination with New York County District Attorney (DANY) Attorney Alvin Bragg and his politicized prosecution of President Donald J. Trump. Matthew Colangelo, a former senior DOJ official, is a lead prosecutor for Bragg and the case centers on testimony from a convicted felon who had been previously prosecuted by the Justice Department.

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

at voter nullification. (U.S. Const. Art III, § 2, (federal Judicial Power), Sixth Amendment (state judges bound by U.S. Supreme Law), Fourteenth Amendment (Equal Protection).

4.    <u>The Court Has Subject Mater Jurisdiction</u>  This court has jurisdiction to issue a Writ of Prohibition to stay the New York, state, criminal trial for the limited time from the present until after the presidential election is held (*Palmer v Schneider*, supra), citing *Younger v Harris*, supra that held:

> "(T)he subject was given extensive treatment by the Supreme Court which held . . . there is no basis for federal courts to exercise equitable jurisdiction over the state court criminal trials **in the absence of irreparable injury** great and immediate. (Emphasis added).

5.    <u>Basis for Jurisdiction Over a New York Criminal Trial In This Case</u>.  New York courts are forbidden from prosecuting or enforcing federal law that is either (a) indeterminate so as to create a substantial risk of a patch-quilt of inconsistent interpretations from State to State across the country (*Norma Jean Anderson, et al. v. Donald J. Trump, Record No. 23-719 (March 4, 2024),*) or (b) inconsistent with New York's interpretation of the Federal law.  In campaigns for President of the United States, New York State law is pre-empted by Federal laws and regulations.  Article VI of the U.S. Constitution states:

> This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; <u>AND THE</u>

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

JUDGES IN EVERY STATE SHALL BE BOUND THEREBY, anything in the Constitution or laws of any State to the contrary notwithstanding. (Emphases Added.)

6. Lack of jurisdiction is non-discretionary, Lack of jurisdiction is a non-discretionary immovable, unavoidable iron wall, which is not subject to any decision or discretion.

7. Exceeding jurisdiction is a core, classic, well-established, conclusively-valid reason for a Writ of Prohibition. The U.S. Supreme Court recently upheld this distinction, 9-0, in *Norma Jean Anderson, et al. v. Donald J. Trump*, Record No. 23-719 (March 4, 2024), supra. The U.S. Supreme Court struck down as unconstitutional Colorado pursuing its own individual interpretation (there hypothetical, here actual) of the 14th Amendment, Section 3.

8. U.S. Constitution. Art. III, § 2 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . ."). (T)he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action. (*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986).

9. The Court's Diversity Jurisdiction Pursuant to 28 U. S. C. § 1332

   A. The Defendants

   The Defendants subject to this Summons and Complaint are all in the State of New York as follows:

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

i  Alvin Bragg, District Attorney for the County of Manhattan
Main Office, One Hogan Place, New York, NY 10013 Tel:   (212) 335-9000
ii  The Honorable Ellen N. Biben, Administrative Judge
Supreme Court of New York, Trial Division, Criminal Term
100     Centre Street, Room 1100, New York, New York 10013
iii.  The Honorable Juan M. Merchan, Acting Justice
of the (New York) Supreme Court, Part 59, Supreme Court of New York, Trial
Division, Criminal Term; Judge of the (New York) Court of Claims Administrative
Judge 100 Centre Street, Room 1100  New York, New York 10013

B.  Diversity Jurisdiction

The Court applies to this Complaint, the federal court jurisdiction criteria ,
(28 U.S.C. § 1332).— federal courts have "diversity jurisdiction" (i.e. California Plaintiff
and New York Defendants) if the amount in controversy exceeds $75,000 and there is
complete diversity of parties, meaning that no plaintiff is a citizen of the same State as
any defendant. §1332(a); *Lincoln Property Co. v. Roche,* 546 U. S. 81, 89, 126 S. Ct.
606, 163 L. Ed. 2d 415 (2005).

C.  Equity Valuation Jurisdiction

The value of the equitable damage to Plaintiff can be determined by Plaintiff
needing to raise a reasonable proportionate share of .25% of a month's donations to the
Defendant's federal presidential campaign caused by the Trial.  ("NY v. Trump trial
fueling $1M a day in small-dollar donations", per the RNC chair
(https://www.msn.com/en-us/news/politics/ny-v-trump-trial-fueling-1m-a-day-in-small-
dollar-donations-says-new-rnc-chair/ar-AA1nJvol).)

10. The Court's Jurisdiction over Defendants

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

By Defendants taking a prohibited state action that interferes with wholly, federal rights of Plaintiff and which causes irreparable injury to Plaintiff in his home state of California, Defendants have evidenced minimum contacts with Respondent's home state with Respondent, personally, that Defendants are subject to the Court's jurisdiction.  The U,S, Supreme Court established a two-pronged test for whether the exercise of jurisdiction comports with due process.(*Deprenyl Animal Health v. Univ. of Toronto, 297 F.3d at 1350*). "First, the defendant must have 'minimum contacts' with the forum. Where a defendant's contacts are continuous and systematic, due process permits the exercise of general jurisdiction." Id. (quoting *International Shoe v Washington*,, 326 U.S. at 316, 66 S.Ct. at 158, and citing LSI Indus., Inc. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1375 (Fed. Cir. 2000)).

10. <u>States' Long Arm Statutes</u>. The U.S. Supreme Court established that in California, Under **California**'s **long-arm statute**, **California** state courts may exercise personal jurisdiction on any basis not inconsistent with the Constitution of **California** or of the United States. <u>Cal. Code Civ. Proc. § 410.10</u> (2004). **California**'s **long-arm statute** allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution. (*Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746 (2014)). The Supreme Court of New York, Appellate Division, Second Department ((2023)  216 A.D.3d 1New York) held that, "The minimum contacts test has come to rest on whether a defendant's conduct and connection with the forum State are such that it should reasonably anticipate being haled into court there."

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

11. <u>Plaintiff's Reliance</u>.  Plaintiff has relied on, and is upset by, news accounts in California of the effect of the Trial (Perron Declr., para 5). Therefore, he is haling the New York Defendants into federal district court in California on a question of federal law, diversity of citizenship based on the foreseeable effect on interference with Plaintiff's federal voter's rights a New York criminal trial of this nature would have on any if not all California voters.

12. <u>Defendants' Foreseeability of Immediate Irreparable Injury to Plaintiff</u>.  The restriction on Defendant Trump and the Trial itself were foreseeably to be covered in media in California, and 49 other states, and internationally, and was intentionally decided with that knowledge by Defendants, as an April 4, 2024 *Los Angeles Times* article evidences (https://www.latimes.com/world-nation/story/2024-04-16/trump-trial-why-cant-americans-see-or-hear-what-is-going-on-inside-the-courtroom), and other news media, as follows:

*Los Angeles Times*

Trump trial: Why can't Americans see or hear what's happening inside N.Y. courtroom?  (By David Bauder Published April 16, 2024 Updated April 21, 2024)

NEW YORK —  It's a moment in history — the first U.S. president facing criminal charges in an American courtroom. Yet only a handful of observers are able to see or even hear what is going on.
Instead, most of the nation is getting news of former President Trump's hush money trial secondhand. Reporters in a Manhattan courtroom must convey what is being said to the outside world after the fact.

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

That's all because New York state law regarding media coverage of court proceedings is one of the most restrictive in the country. The recent death of O.J. Simpson, whose murder trial was beamed live from a Los Angeles courtroom captivated a nation three decades ago, was a telling reminder of how New York is behind the times — or, at least, a holdout.  With additional and ongoing local and national news and social media reports.[2]

-

Defendant's Trial in the State of New York, therefore, was known or it was foreseeably known, to Defendants, that the effect on voters in California and every state would reach the voters in each state by news or news of restrictions on Candidate Trump during the 2024 federal presidential election. This deliberate action established minimum contact with Plaintiff in the State of California.  In *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), the U.S. Supreme Court found that personal jurisdiction (in an Internet defamation case) may be "proper because of [the defendant's] intentional conduct in [another state] calculated to cause injury to [the plaintiff] in [the forum state]." (Id. at 791).

12.  The Trial is continuing and foreseeably continuing through the 2024 federal election.  Therefore, the court has jurisdiction over Defendants to issue a Writ of

---

[2] And, https://www.cnn.com › politics › live-news › trump-hush-money-trial-05-07-24 › index.html, "Day 13 of Trump New York hush money trial – CNN"
And, https://www.nbcnews.com › politics › donald-trump › live-blog › trump-hush-money-trial-day-15-live-updates-rcna150795 "Trump trial live updates: Michael Cohen to testify Monday at ..." - NBC News
And, https://www.bbc.com › news › live › world-us-canada-67928972
"Fraud was central to Trump Organization, lawyers tell New York trial" – BBC
And, https://abc7.com › is-trump-trial-televised-watch-updates-tv › 14674705
"WHY WON'T NEW YORK LET ME SEE IT?" - ABC7 Los Angeles
And, https://www.msnbc.com/chris-jansing-reports/watch/trump-s-court-appearances-absolute-nightmare-for-campaign-jim-messina-206669893729 3-24-2024 Trump's court appearances 'absolute nightmare' for campaign: Jim Messina

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

Prohibition and make findings that Defendants acted in known disregard of federal law prohibition under color of law.

13. <u>The Trial at Issue is Prohibited Pursuant to 28 U.S. Code § 1331 (a federal question).</u> Defendant New York District Attorney Alvin Bragg ("NYC DA") has initiated a criminal trial *the ("Trial") in the SUPREME COURT OF THE STATE, OF NEW YORK, COUNTY OF NEW YORK, PART 59 the "NY State Court") (Ind. No. 71543/2023). The NYC DA and the below, NY State Court have had actual knowledge (*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 142 S. Ct. 941 (2022)) that superseding federal Constitutional or other federal law applies in this case (Judicial Notice) (NY State Court DECISION AND ORDER ON DEFENDANT'S MOTION ,TO EXCLUDE, EVIDENCE, AND FOR AN ADJOURNMENT ON THE GROUNDS OF PRESIDENTIAL IMMUNITY, Ind. No. 71543/2023 of April 3, 2024, entered by The Honorable Juan M. Merchan, Acting Justice of the (New York) Supreme Court, Judge of the (New York) Court of Claims) ("Judge Merchan").

14. <u>The Federal Preemptive Issue.</u> Defendants proceeded with knowledge that the Trial would <u>". . . subordinate adherents of one political party (former President Trump) and entrench a rival party in power (President Biden),"</u> (Emphasis added) *(Ariz. State Leg. v. Ariz. Indep. Redistricting Comm'n,* 576 U.S. 787, 135 S. Ct. 2652, (2015)) thereby creating a federal law prohibition against suppression of Plaintiff's voter's rights at a time that voters strive, in the 2024 federal presidential election to emerge from an attempt at a sham election in which the name of the entrenched party's candidate becomes the only one on the ballot (*Burdick v. Takushi* 504 U.S. 428 (1992).

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

15. <u>Venue</u>. 28 U.S. Code § 1391 provides, in pertinent part, that:

(a)Applicability of Section.—Except as otherwise provided by law—

(1)this section shall govern the venue of all civil actions brought in district courts of the United States; and

(2)the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.

(b)Venue in General.—A civil action may be brought in—

(2)a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

By Defendants taking a prohibited state action that interferes with wholly, federal rights of Plaintiff and which causes irreparable injury to Plaintiff in his home state of California, Defendants have <u>evidenced minimum contacts</u> with Plaintiff's home state and personally, subjecting Defendants to the Court's jurisdiction and venue. (Para 10, hereinabove, *Deprenyl Animal Health v. Univ. of Toronto, 297 F.3d at 1350*), *International Shoe v Washington,*, 326 U.S. at 316, 66 S.Ct. at 158, *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000)).

## THE ALLEGATIONS

15.  <u>Immediate Irreparable Injury</u>.  Plaintiff has prima facie evidence (fn 1 thru fn 5 and Perron Declr.)  that the Trial is unlawfully causing immediate, irreparable injury to Plaintiff's federally protected voters rights (*In re Chicago R. Co.*, 175 F.2d 282 (1949)).

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

16. <u>Voter Nullification.</u> The publicly disclosed restrictions on Defendant Trump as a presidential candidate in the 2024 federal election, <u>on their face, evidence that Defendants started this trial at this time with knowledge that it would ". . . subordinate adherents of one political party and entrench a rival party in power,"</u> (Emphasis added) *(Ariz. State Leg. v. Ariz. Indep. Redistricting Comm'n,* (supra). Actions by voters have been litigated before the U.S. Supreme Court over the last three decades. However, a majority of the Justices could not agree on a test for ascertaining a violation (*Davis v. Bandemer*, 478 U.S. 109 (1986)). In 2019, the Court held that there were no judicially "discernible and manageable standards" for ascertaining violations (*Rucho v. Common Cause*, No. 18–422, slip op. at 20 (2019). See Amdt14.S1.8.6.3 Partisan Gerrymandering). Plaintiff is caused immediate, irreparable injury by both the geographic boundary from freedom of assembly resulting with access to hearing, seeing or attending a rally of this candidate, the confinement of the Trial itself, and the First Amendment limits by gag order the Trial court judge has publicly announced under threat of the judge sending this Defendant 2024, federal, presidential candidate to serve time in jail.

17 <u>Plaintiff is a qualified voter</u> in the 2024 United States, federal, presidential election (the "Election"). Plaintiff: i) was born in the United States; ii) is a full time resident of the State of California residing at 5209 La Madera Avenue, No. E1. in the City of El Monte, County of Los Angeles, and holds a valid and active California driver's license (no. Nxxxx522) that expires 12/18/2027 (Declaration of William Frank Perron ("Perron Declr.") para 1).

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

18. <u>Voting rights case</u>  In *Lance v. Coffman*, (549 U.S. 437 * | 127 S. Ct. 1194 (2007), the U.S. Supreme Court defined that in  ". . . the sorts of injuries alleged by plaintiffs in voting rights cases where the Court had found standing . . . the voters asserted . . . (a) particularized stake in the litigation, (in order to have ) standing to bring their Elections Clause claim."

19. <u>The particularized claim </u>of Plaintiff  (Perron Declr., para 2 and 3), and of all qualified voters similarly situated, is that the NY Trial was brought by Defendants with knowledge that the trial would result in creating a federally prohibited result of immediately irreparable injury to Plaintiff having this candidate fairly available for voter vetting during the federal presidential election campaign through election certification.

20. <u>Opposition's Misinformation about Candidate Trump</u>. Trial Defendant Trump is Plaintiff's candidate of choice (Id).  However, even for undecided voters of equal standing as Plaintiff, Plaintiff and such voters are being denied not only their rights to hear and understand the candidates for President of the United States, in order to exercise their votes in the 2024 Presidential election (Id).   They are being deluged to disadvantage by the candidate's opponent, other opposition, including opposition media,  in misinformation about candidate Donald Trump (Id), that Defendant Trump (AN ANATOMY OF A POLITICAL PROSECUTION: THE MANHATTAN DISTRICT ATTORNEY'S OFFICE'S VENDETTA AGAINST PRESIDENT DONALD J. TRUMP, Interim Staff Report of the Committee on the Judiciary, U.S. House of Representatives, dated April 25, 2024, ("Judiciary Report")),  is not being allowed to correct without a cloud of Trial court gag order and sanctions, creating the same deprivation of voter

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

rights as just decided in the Eastern District of New York in United States v. Douglass Mackey, Case No. 21-CR-80-AMD.

21. <u>First Amendment Right of Assembly</u>. If the Trial is not ordered stayed until post-Election under a Writ of Prohibition, until after the Election, and, the Defendant posing no danger to the public or third parties in the "crimes" alleged by the NYC DA, Plaintiff has currently occurring and foreseeably through the Election: deprivation of Plaintiff's unrestricted right to assembly access to this candidate in this state or on media coverage of the candidate's campaign in any state, including in New York, all prohibited by the First Amendment of the U.S. Constitution; a prohibited loss of Potential vote by the state action resulting from the Trial (Perron Declr. At Para 3).

22. <u>Defendant's Knowledge Trial Federally Unlawful</u>. The publicly disclosed restrictions on Defendant Trump as a presidential candidate in the 2024 federal election, <u>on their face, evidence that Defendants started this trial at this time with knowledge that it would ". . . subordinate adherents of one political party and entrench a rival party in power,"</u> (Emphasis added) *(Ariz. State Leg. v. Ariz. Indep. Redistricting Comm'n,* (supra). Actions by voters  have been litigated before the U.S. Supreme Court over the last three decades.  However, a majority of the Justices could not agree on a test for ascertaining a violation (*Davis v. Bandemer*, 478 U.S. 109 (1986)). In 2019, the Court held that there were no judicially "discernible and manageable standards" for ascertaining violations (*Rucho v. Common Cause*, No. 18–422, slip op. at 20 (2019). See Amdt14.S1.8.6.3 Partisan Gerrymandering). Plaintiff is caused immediate, irreparable injury by both the geographic boundary from freedom of assembly resulting

COMMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

with access to hearing, seeing or attending a rally of this candidate, the confinement of the Trial itself, and the First Amendment limits by gag order the Trial court judge has publicly announced under threat of the judge sending this Defendant 2024, federal, presidential candidate to serve time in jail.

23. Plaintiff is entitled to Equitable Relief.  Therefore, Plaintiff, is a duly qualified voter in the 2024 federal presidential election, being caused immediate Irreparable injury by the Trial, if it is ordered by Writ of Prohibition to forthwith stay the Trial until after the Election, has standing in this Court in this matter.

24.  Writ of Prohibition should be granted as TRIAL IS FEDERALLY CONSTITUTIONALLY PROHIBITED UNTIL POST ELECTION. "The extraordinary remedy of prohibition lies only where there is a clear legal right and, with respect to pending criminal proceedings, only when a court exceeds its jurisdiction or authorized power in such a manner as to implicate the legality of the entire proceeding" (*Matter of Patel v Breslin*, 45 AD3d 1240, 1241, 846 N.Y.S.2d 748 [3d Dept 2007] [internal quotation marks, brackets and citation omitted], lv denied 10 NY3d 704  [**818]  [2008]; see *Matter of Rush v Mordue*, 68 NY2d 348, 352-353, 502 N.E.2d 170, 509 N.Y.S.2d 493 [1986]; *Matter of State of New York v King*, 36 NY2d 59, 62, 324 N.E.2d 351, 364 N.Y.S.2d 879 [1975]; *Matter of Canning v Revoir*, 220 AD3d 16, 19 [3d Dept 2023]). That said, "even if there has been an excess of jurisdiction or power, the extraordinary [citation omitted]  remedy will not lie if there is available an adequate remedy at law" (*Matter of State of New York v King*, 36 NY2d at 62; see *Matter of Lipari v Owens*, 70 NY2d 731, 732-733, 514 N.E.2d 378, 519 N.Y.S.2d 958 [1987]; *Matter of Patel v*

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

*Breslin*, 45 AD3d at 1241). (*Matter of Rodriguez v. Hobbs*, 220 A.D.3d 1145, 198 N.Y.S.3d 816  (2023) (Emphasis added).

25.  <u>The NY Court is exceeding its authorized power by proceeding with this trial at this time</u>, and until after the certification of the presidential election by causing irreparable and immediate harm to the controlling federal rights of Plaintiff and all qualified voters in the 2024 federal presidential election based on the following and above cited law (Fourteenth Amendment denial of equal protection of the law and First Amendment free speech and freedom of assembly (election access to his candidate) protections in that the Trial is a state action that ". . . subordinate(s) adherents of one political party and entrench(es) a rival party in power," (Emphasis added) (*Ariz. State Leg. v. Ariz. Indep. Redistricting Comm'n*, supra),.

26.  <u>Writ of Prohibition should be granted</u>. For the reasons set forth herein —the Court must issue a Writ of Prohibition in order to stay this trial as prohibited state action barred by Article 3 of the Fourteenth Amendment in a federal presidential election (*Anderson v. United States* (417 U.S. 211 (1974)), pending the election confirmation.

   a.   The Defendant, Donald J. Trump is a certified leading candidate in the 2024 federal presidential election who is being suppressed from voter vetting by the state action of this trial (Id).

   b.   Plaintiff has standing to file this motion pursuant to Constitutionally guaranteed rights of voters in federal presidential elections under U.S. Const Fourteenth and First Amendments, (supra). Plaintiff asserts in his Petition, a particularized stake (Section I, hereinabove) in the New York litigation (*Lance v.*

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

*Coffman*, 549 U.S. 437 (2007)), in that all voters, including, without limitation, Plaintiff are being caused immediate irreparable injury by being deprived of local and national vetting and/or support for a leading presidential candidate during the duration and sequestering of that candidate during the presidential campaign leading to election thereby creating jurisdiction for this court to stay the trial until after the presidential election is held and certified (*Palmer v Schneider,* 699 F.2nd 322 (1981).

        c.     The Palmer case relies on the holding in *Younger v Harris,* 401 U.S. 37, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971), stating that: "(T)he subject was given extensive treatment by the Supreme Court which held . . . there is no basis for federal courts to exercise equitable jurisdiction over the state court criminal trials in the absence of irreparable injury great and immediate. (Emphasis added).

27.    <u>Writ to enjoin Defendant's causing Plaintiff irreparable injury</u>. The Court, therefore, must issue a Writ of Prohibition against Defendants in order to enjoin Plaintiff's irreparable injury by ordering a stay of The trial pending election confirmation because the factors that courts consider in determining whether to stay a case pending a Constitutionally protected voters' rights are present with irreparable injury to Plaintiff, and all qualified voters, great and immediate, with no irreparable injury to the State of New York and  all required factors favor Plaintiff.

28.    <u>Declaratory Relief For A Court Finding That Action Taken By The Nyc Da, Alvin Bragg, Nyc Da Doe Attorneys & Judge Merchan Were Taken With Knowledge,</u>

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

Under Color Of Law

Plaintiff also respectfully requests this Court to make a finding that the Defendants, NYC DA ALVIN BRAGG, DOE NYC DA Attorneys and JUDGE MERCHAN brought the Trial with knowledge that the Trial was prohibited by federal Constitutional, statute and/or case law, cited herein above (Section I and II, hereinabove) yet proceeded notwithstanding the federal prohibition acting under color of law (18 U.S.C. 242), as follows:

a. Defendants, NYC DA ALVIN BRAGG, DOE NYC DA Attorneys and JUDGE MERCHAN have initiated a criminal trial in the SUPREME COURT OF THE STATE, OF NEW YORK, COUNTY OF NEW YORK, PART 59 the "NY State Court") (Ind. No. 71543/2023). Defendants, NYC DA ALVIN BRAGG, DOE NYC DA Attorneys and JUDGE MERCHAN have had actual knowledge (*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 142 S. Ct. 941 (2022)) that superseding federal Constitutional or other federal law may or might apply in this case Judicial Notice; (NY State Court DECISION AND ORDER ON DEFENDANT'S MOTION ,TO EXCLUDE, EVIDENCE, AND FOR AN ADJOURNMENT ON THE GROUNDS OF PRESIDENTIAL IMMUNITY, Ind. No. 71543/2023 of April 3, 2024, entered by The Honorable Juan M. Merchan, Acting Justice of the (New York) Supreme Court, Judge of the (New York) Court of Claims).

b. Defendants, NYC DA ALVIN BRAGG, DOE NYC DA Attorneys and JUDGE MERCHAN have had and have actual knowledge that the primaries and general election campaigns for the 2024 presidential elections falls concurrent with the trial schedule. Defendants, NYC DA ALVIN BRAGG, DOE NYC DA Attorneys and

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

JUDGE MERCHAN have had and have actual knowledge that the Defendant is a leading candidate for president in the 2024 federal presidential election. Defendants, NYC DA ALVIN BRAGG, DOE NYC DA Attorneys and JUDGE MERCHAN have had actual knowledge that the campaign of a leading candidate requires Plaintiff as a voter in the State of California, and all eligible voters have federal Constitutionally guaranteed rights in federal presidential elections under U.S. Const. Fourteenth (due process) and First (free speech and assembly) Amendments and *Ariz. State Leg. v. Ariz. Indep. Redistricting Comm'n,* (supra), including, without limitation, unfettered access, and opportunity to hear from and see a leading presidential candidate for his presence and stand on issues (Id).

c.      As revealed in former Special Assistant District Attorney Mark Pomerantz's book, *People vs. Trump*: An Insider's Account, since at least 2018, the (NYC DA) has weaponized the criminal justice system, scouring every aspect of President Trump's personal life and business affairs in the hopes of finding some legal basis—however far-fetched, novel, or convoluted—to bring charges against him. When one legal theory would not pan out, instead of discontinuing its politically motivated investigation, the (NYC DA) simply pivoted to a new theory, constantly searching for a crime prosecute President Trump. Publication of Pomerantz's book's timing coincided with public pressure resulting in NYC DA Alvin Bragg bringing the Trial to the court of JUDGE MERCHAN.

d.      Plaintiff has no adequate remedy at law to enforce and preserve his voter's federally protected rights. Hence, a hearing is needed to establish that

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

Defendants had knowledge that the trial against Defendant was with knowledge that

Defendant Trump was a presidential candidate in the 2024 federal presidential election,

and that Defendants should be found to have acted under color of law (18 U.S.C. 242)

and Defendants are subject this Court's equitable jurisdiction.

**WHEREFORE**, Plaintiff respectfully requests he Court, that the Court issue a

Writ of Prohibition against Defendants to forthwith stay the Trial until after the 2024

federal presidential ele3ction and that the Court make findings and conclusions that

Defendants started and are continuing the Trial with knowledge that the Trial is unlawful

under federal Constitutional, statutory and/or case law, hence Defendants acted under

color of law as prohibited under 18 U.S.C. 242 as follows:

## FIRST CLAIM FOR RELIEF

## (Immediate Stay of First and Fourteenth Amendment Voters' Rights Immediate

## Irreparable Injury by Granting a Temporary Restraining Order

## against All Defendants)

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 above.

30. The Court is requested to grant a Temporary Restraining Order, ordering

a Writ of Prohibition against all Defendants ordering Defendants to stay the Trial

immediately and until after a hearing and findings on the allegations in this Complaint.

Otherwise, there is continuing irreparable injury to Plaintiff, and all qualified voters, great

and immediate.

## SECOND CLAIM FOR RELIEF

19

**(Stay of First and Fourteenth Amendment Voters' Rights Immediate Irreparable Injury by Granting a Writ of Prohibition against All Defendants to Stay the Trial until after the 2024 Federal Presidential Election)**

31.    Plaintiff realleges and incorporates by reference paragraphs 1 through 30 above.

32.    The Court is requested to issue or grant a Writ of Prohibition against all Defendants ordering Defendants to stay the Trial  immediately until after the 2024 federal presidential election. Otherwise, there is irreparable injury to Plaintiff, and all qualified voters, great and immediate.

**THIRD CLAIM FOR RELIEF**

**(The Court Make Findings and Conclusions That Defendants Acted Under Color of Law (18 U.S.C.242) with Knowledge that Trial was Federally Prohibited.**

33.    Plaintiff realleges and incorporates by reference paragraphs 1 through 32 above.

34.    The Court is additionally respectfully requested to make findings and conclusions  that Defendants, NYC DA ALVIN BRAGG, DOE NYC DA Attorneys and JUDGE MERCHAN had  actual knowledge that: the Trial was federally prohibited;, hence  acted under color of law (18 U.S.C. 242), Defendant BRAGG, provide the Court names of all DOE NYC DA Attorneys subject to this Order.

Respectfully submitted,

DATED: May 14, 2022

*Barry D. Silbermann*

_____

BARRY D. SILBERMANN
Attorney for Plaintiff
WILLIAM FRANK PERRON

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

## DECLARATION OF WILLIAM FRANK PERRON

I, William Frank Perron, hereby declare as follows:

1.  I was born in the United States, am a citizen of the United States (Social Security No. (redacted) XXX-54-2304) and I am a qualified voter in the 2024 United States, federal, presidential election (the "Election"). Plaintiff: i) was born in the United States; ii) is a full time resident of the State of California residing at 5209 La Madera Avenue, No. E1. in the City of El Monte, County of Los Angeles, and holds a valid and active California driver's license (no. Nxxxx522) that expires 12/18/2027.

2.  I am aware of and follow through radio and television media reporting, social media and Internet news media, the criminal trial (*the "Trial") in the SUPREME COURT OF THE STATE, OF NEW YORK, COUNTY OF NEW YORK, PART 59 the "NY State Court") (Ind. No. 71543/2023), against Defendant, and former President, t Donald J. Trump, who is a candidate whom I favor who is running for President of the United States in the 2024 federal presidential election. It is my personal knowledge through all media accounts that the Trial was initiated by New York City District Attorney ALVIN BRAGG through his office as New York District Attorney for Manhattan in the New York Supreme Court trial court presided over by JUDGE MERCHAN and that the judge in the Trial is biased in favor of leading presidential Candidate Joe Biden to give the rival a clear advantage, through the judge's prior political actions and those of the judge's daughter, all known to me through news and social media reporting of the Trial..

3.  It is my observation and awareness that because of Candidate Trump being restricted by the New York court during the Trial, I am being deprived of my right as a

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

citizen of the United States. and a qualified voter, my unrestricted right to assembly

access to this candidate in this state or on media coverage of the candidate's campaign

in any state, including in New York, my Constitutionally prohibited loss of my potential

vote by the New York Trial state action resulting from the Trial.

4.  I am aware of and upset by. daily news reporting and campaign speeches or

news conferences of President Joe Biden and that he has announced his intent to

remail the Democrat nominee for President in the 2024 federal presidential election.  I

am aware that President Biden and others who support him put out regular negative

information about Presidential candidate Donald J. Trump that I do not know if that

information is lies or not and I have n way to hear from candidate Trump about what is

being said about him or by him on any regular basis.

5.  Samples of such daily. News reports include, without limitation:

➢ An April 4, 2024 Los Angeles Times article evidences

(https://www.latimes.com/world-nation/story/2024-04-16/trump-trial-why-cant-

americans-see-or-hear-what-is-going-on-inside-the-courtroom), and other

news media, as follows:

*Los Angeles Times*

Trump trial: Why can't Americans see or hear what's happening inside

N.Y. courtroom?  (By David Bauder Published April 16, 2024 Updated April

21, 2024)

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

NEW YORK — It's a moment in history — the first U.S. president facing criminal charges in an American courtroom. Yet only a handful of observers are able to see or even hear what is going on.

Instead, most of the nation is getting news of former President Trump's hush money trial secondhand. Reporters in a Manhattan courtroom must convey what is being said to the outside world after the fact.

That's all because New York state law regarding media coverage of court proceedings is one of the most restrictive in the country. The recent death of O.J. Simpson, whose murder trial was beamed live from a Los Angeles courtroom captivated a nation three decades ago, was a telling reminder of how New York is behind the times — or, at least, a holdout.

➢ And, the April 30, 2024 House Judiciary Committee letter from Committee Chairman Jim Jordan (R-OH) to Attorney General Merrick Garland demanding documents and information about the Biden Department of Justice's (DOJ) coordination with New York County District Attorney (DANY) Attorney Alvin Bragg and his politicized prosecution of President Donald J. Trump. Matthew Colangelo, a former senior DOJ official, is a lead prosecutor for Bragg and the case centers on testimony from a convicted felon who had been previously prosecuted by the Justice Department;

➢ And, https://www.cnn.com › politics › live-news › trump-hush-money-trial-05-07-24 › index.html, "Day 13 of Trump New York hush money trial – CNN"

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING

➤ And, https://www.nbcnews.com › politics › donald-trump › live-blog › trump hush-money-trial-day-15-live-updates-rcna150795 "Trump trial live updates: Michael Cohen to testify Monday at ..." - NBC News

➤ And, https://www.bbc.com › news › live › world-us-canada-67928972 "Fraud was central to Trump Organization, lawyers tell New York trial" – BBC

➤ And, https://abc7.com › is-trump-trial-televised-watch-updates-tv › 14674705 "WHY WON'T NEW YORK LET ME SEE IT?" - ABC7 Los Angeles

➤ And, https://www.msnbc.com/chris-jansing-reports/watch/trump-s-court-appearances-absolute-nightmare-for-campaign-jim-messina-206669893729 3-24-2024 Trump's court appearances 'absolute nightmare' for campaign: Jim Messina -

6.  The Trial in New York is causing me lost opportunity to vet candidate Trump who has a greatly diminished opportunity to appear in California or any other state to his disadvantage and to the rea advantage of President Biden all of which causes me injury in my ability as a voter to exercise my right of assembly and may cause my vote to be surprised if candidate Trump remains sequestered in trial up to the 2024 federal Presidential election.

I declare that the foregoing statements to be true and correct under penalty of perjury.

*William Frank Perron*

Date: May 14, 2024

_____

WILLIAM FRANK PERRON

COMPLAINT to PETITION FOR WRIT OF PROHIBITION OF TRIAL
And 18 U.S.C.242 DECLARATORY RELIEF FINDING