UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-4039-GW-AJRx | Date | May 21, 2024 |
|---|---|---|---|
| Title | *William Frank Perron v. The City of Manhattan, New York, et al.* | Page | 1 of 5 |

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS – ORDER DISMISSING CASE**

On April 4, 2023, former United States President Donald J. Trump ("Trump") was arraigned in the Supreme Court of the State of New York, County of New York: Part 59. *See People of the State of New York v. Donald J. Trump*, Ind. No. 71543/2023.  Trump faces 34 felony counts arising from his alleged falsification of business records with the intent to commit or conceal crimes related to payments made to adult film star Stormy Daniels and others, all in an effort to ensure their silence as to Trump's purported sexual indiscretions/peccadilloes in order to unlawfully influence the 2016 presidential election.  On April 15, 2024, the criminal jury trial began in Manhattan.

On May 15, 2024, Plaintiff William Frank Perron ("Perron") initiated the present action in the United States District Court for the Central District of California seeking to halt the New York state criminal trial.  Perron filed a Complaint with a Request to Proceed in Forma Pauperis against: the City of Manhattan; the New York Office of the District Attorney for Manhattan;  Alvin Bragg, the District Attorney for Manhattan; The Honorable Ellen N. Biben, an Administrative Judge of the New York County Supreme Court, Criminal Term; The Honorable Juan M. Merchan, an Acting Justice of the New York County Supreme Court, Criminal Term (the trial judge in the *Trump* case); and Does 1-10 (collectively, "Defendants").  *See generally* Complaint, Docket No. 1.

Perron is a voter who resides in Los Angeles County and favors Trump in the forthcoming presidential election.  Complaint ¶ 2; Declaration of William Frank Perron ("Perron Decl.") ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-4039-GW-AJRx | Date | May 21, 2024 |
| Title | William Frank Perron v. The City of Manhattan, New York, et al. | Page | 2 of 5 |

In his Complaint, Perron seeks, *inter alia*, a Temporary Restraining Order ("TRO") and a Writ of Prohibition immediately enjoining Trump's ongoing New York criminal trial until the conclusion of the 2024 presidential election. *See* Complaint ¶¶ 30, 32. Perron filed a motion for a TRO on May 16, 2024 ("TRO Motion," *see* Docket No. 11).

The crux of Perron's allegations – as disjointedly presented as they may be – is that the ongoing New York criminal trial amounts to voter suppression. As Perron sees it, because Trump is on trial several days a week in New York, he is unable to "vet" Trump's candidacy in violation of his freedom to assemble and is, instead, being "deluged" with misinformation about Trump, all of which advantages Trump's political opponent, President Joe Biden. *See id.* ¶¶ 16, 19-20; Perron Decl. ¶ 6.

The Court has considered the Request to Proceed in Forma Pauperis, the Complaint and the TRO Motion. The Court hereby **DENIES** the Request to Proceed in Forma Pauperis and the TRO Motion because it lacks subject matter jurisdiction over the action. Additionally, because Perron lacks standing and because this Court must abstain, the Court **DISMISSES** this case **WITHOUT LEAVE TO AMEND.**

*First*, Perron lacks standing.[1] A glaring deficiency in Perron's Complaint is that he lacks standing to seek to enjoin the criminal trial of another person. *See Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987) (plaintiff lacked standing to seek an emergency stay of a state criminal trial of another person). The nexus between Perron's alleged injury and Trump's New York trial is far too attenuated and indirect to support his standing to bring this action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 617-18 (1973) ("[A]ppellant has failed to allege a sufficient nexus between her injury and the government action which she attacks to justify judicial intervention. . . .

---

[1] The Court has authority to examine standing *sua sponte*. *See Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) ("Federal courts are required sua sponte to examine jurisdictional issues such as standing. . . . The district court had both the power and the duty to raise the adequacy of . . . standing sua sponte.") (alterations and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-4039-GW-AJRx | Date | May 21, 2024 |
| Title | William Frank Perron v. The City of Manhattan, New York, et al. | Page | 3 of 5 |

The party who invokes judicial power must be able to show that he has sustained or is immediately in danger of sustaining some *direct* injury as the result of a statute's enforcement.") (emphasis added) (alterations, citations, and internal quotation marks omitted)).

The gravamen of Perron's Complaint is that a federal court in the Central District of California should immediately halt Trump's ongoing criminal trial in the New York state court, all so Perron has a greater ability to hear and see Trump in California. However, any impact upon Perron (which the New York trial may create) only indirectly effects him as a general member of the public, but it does not cause any direct individualized injury because Trump, not Perron, is the one on trial. *See Massachusetts v. Mellon*, 262 U.S. 447, 487-88 (1923) (taxpayer lacked standing to enjoin appropriation statue because it "is essentially a matter of public and not of individual concern" and the enforcement of the statute would not cause "direct injury"). Furthermore, Perron's assumption that, were it not for the New York trial, Trump would be more available in California and in the press is hypothetical at best and belied by many unsupported inferential steps. Therefore, Perron simply has no standing to seek an order prohibiting the criminal trial of another person in another state. For this independent reason, the Court **DISMISSES** the Complaint.

*Second*, this Court must abstain under the *Younger* abstention doctrine.[2] "Under *Younger*, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances." *Scarlett v. Alemzadeh*, No. 19-cv-07466-LHK, 2020 WL 3617781, at *2 (N.D. Cal. July 2, 2020) (Koh, J.) (citing *Younger V. Harris*, 401 U.S. 37, 43-54 (1971). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). Courts within the Ninth

---

[2] The Court has authority to raise abstention *sua sponte*. *See Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999), *as amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999) (observing that abstention has been raised *sua sponte*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-4039-GW-AJRx | Date | May 21, 2024 |
| Title | William Frank Perron v. The City of Manhattan, New York, et al. | Page | 4 of 5 |

Circuit "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves." *Id*. at 1092.

Here, the first, second, and fourth elements are undoubtedly satisfied. While the present case does not fit squarely within the third element because Perron is not the state-court criminal defendant, it stills fits neatly within the federalism principles *Younger* commands. Whatever federal constitutional issues Perron may have, nothing bars him from seeking redress in New York state court – other than his lack of standing, which would bar his case in whatever court he might attempt to litigate this matter. Furthermore, Trump himself has raised a large number of challenges to his New York criminal trial. The fact that the New York courts have addressed Trump's many challenges to his criminal trial and allowed it to proceed buttresses the need for this Court to abstain and underscores Perron's lack of standing. Granting the relief Perron seeks would undeniably violate the federalism principles *Younger* teaches. For this independent reason, the Court **DISMISSES** the Complaint.

*Third*, the Court almost assuredly lacks personal jurisdiction over the Defendants.[3] It is of no moment to conduct a full personal jurisdiction analysis because the Defendants have not yet raised the issue, as they have not yet even been served. However, the Court observes that Perron's

---

[3] Personal jurisdiction may be either general or specific. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, nn. 8 & 9 (1984). A defendant is present "generally" in the forum when its activities in the state are "substantial" or "continuous and systematic." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Perron has not asserted a basis for general jurisdiction over the New York based Defendants in the Complaint.
The Supreme Court recently clarified the rationale of the specific-jurisdiction framework, stating that unlike general jurisdiction, specific jurisdiction covers a "narrower class of claims" where the defendant "must take some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (internal quotation marks omitted). Again, Perron has not suggested that any of the Defendants have availed themselves of the privilege of conducting activities within California by bringing and prosecuting a criminal case based on New York statutes in the New York state court.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-4039-GW-AJRx | Date | May 21, 2024 |
| Title | *William Frank Perron v. The City of Manhattan, New York, et al.* | Page | 5 of 5 |

allegations – that New York defendants performing official New York duties in New York related to the enforcement of New York criminal laws are reasonably foreseeable contacts with Perron's desire to "vet" Trump's political candidacy in California – are entirely unavailing.

*Fourth*, the Central District of California is an improper venue. It is similarly of no moment to conduct a full venue analysis because the Defendants have not even been served, let alone appeared and raised the issue. However, the Court would note that Perron's Complaint clearly rests upon allegations of actions and events that occurred in solely New York by New York Defendants. Venue, therefore, does not lay in the Central District of California. 28 U.S.C. § 1391(b). Furthermore, transfer is not warranted. The Court is not permitted to transfer this case under 28 U.S.C. § 1406(a) because the Court lacks subject matter jurisdiction, as analyzed *supra*. Additionally, the Court would find that the interests of justice do not support transfer under 28 U.S.C. § 1631 because Perron's lack of standing and mandatory abstention under *Younger* would similarly foreclose Perron's case in any venue within the federal court system.

Finally, no amendment is warranted. Any attempt at amendment would be futile because Perron cannot overcome through amendment his lack of standing or mandatory abstention under *Younger*. *See Schmier v. United States Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824-25 (9th Cir. 2002) (affirming dismissal of complaint without leave to amend because plaintiff "could not have possibly amended his complaint to allege an injury in fact"); *Clark v. Superior Court of California*, No.: 3:19-cv-00141-LAB-LL, 2019 WL 1114881, at *5 (S.D. Cal. Mar. 11, 2019) (dismissing complaint without leave to amend because any amendment would be futile where the court abstained under *Younger*).

Accordingly, the Court hereby **DISMISSES** this case **WITHOUT LEAVE TO AMEND** and **WITHOUT PREJUDICE**.